IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

AIR COOL, INC.  
11900 Renick Lane  
Silver Spring, Maryland 20904

    Plaintiff

v.                                Case No.:

JOHNSON CONTROLS, INC.                  JFM 13 CV 3111  
507 South Michigan Avenue  
Milwaukee, Wisconsin

**SERVE**: RESIDENT AGENT:  
    THE CORPORATION TRUST  
       INCORPORATED  
    351 West Camden Street  
    Baltimore, Maryland 21201

    Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### COMPLAINT

**COMES NOW** the Plaintiff, Air Cool, Inc., by and through its attorneys, Evangelos D. Sidou, L.L.C. and Evangelos D. Sidou, Esquire, and sues the Defendant, Johnson Controls, Inc., and for reasons therefore states:

1. The Plaintiff, Air Cool, Inc., hereinafter referred to as "Air Cool", is a Maryland corporation engaged in the business of commercial, industrial, and residential heating, ventilation, and air conditioning contracting and subcontracting.

2. Upon information and belief, the Defendant, Johnson Controls, Inc., hereinafter referred to as "Johnson", is a corporation organized and existing under the laws of the State of Wisconsin who is engaged in the business of new commercial and industrial heating, ventilation, and air conditioning equipment supply, including York Brand Air Conditioning products and services.

## COUNT ONE
(Breach of Contract)

Adopting the allegations of fact herein above set forth in paragraphs 1 through 2 and incorporating them herein and further,

3. Beginning in September, 2009, the Plaintiff, Air Cool, was approached by David E. Harvey Builders, Inc. d/b/a Harvey Cleary Builders, hereinafter referred to as "General Contractor", to submit a bid and proposal for the HVAC work to be completed to the Brookville Service Park, Part II, construction project, hereinafter referred to as the "Project", located at 8710 Brookville Road, Silver Spring, Montgomery County, Maryland 20910.

4. Upon receipt of the specifications and scope of work for the HVAC subcontract, the Plaintiff, Air Cool, contacted and forwarded the equipment specifications to the Defendant, Johnson, the local supplier of York brand HVAC equipment and supplies, to request and receive a price quotation for the York brand HVAC equipment and supplies specified to be provided and installed within the Project.

5. Beginning on or about October 2, 2009, the Plaintiff, Air Cool, entered into an HVAC Subcontract with the General Contractor, for the provision and installation of HVAC equipment and supplies to the Project at a pre-established price. A copy of the HVAC Subcontract is attached hereto as Plaintiff's Exhibit "1" and is made a part hereof.

6. The HVAC Subcontract (Exhibit 1) was fully accepted and executed by the General Contractor, David E. Harvey Builders, Inc., on November 9, 2009 and the Plaintiff, Air Cool, Inc., immediately entered into a contract dated November 19, 2009, JCI Contract No. OE130031 with

the Defendant, Johnson, for the provision of the York brand HVAC equipment and supplies to be installed in the Project, for the sum of One Hundred Thirty Thousand Dollars ($130,000.00), a copy of the contract is attached hereto as Plaintiff's Exhibit "2" and is made a part hereof.

7. Once the Plaintiff, Air Cool, received the construction schedule from the General Contractor, it forwarded the same to the Defendant, Johnson, to insure the timely delivery of the specified York brand HVAC equipment and supplies to be installed into the Project.

8. On December 7, 2009, the Defendant, Johnson, fully cognizant of the construction schedule, committed the order to the Plaintiff, Air Cool.

9. On January 19, 2010, in response to an inquiry from the President of the Plaintiff, Air Cool, Angelo Koumpouras, the Defendant, Johnson, by its Project Manager, Perry Martinelli, provided an updated shipping schedule for the specified York brand HVAC equipment and supplies, a copy of the Updated Schedule is attached hereto as Plaintiff's Exhibit "3" and is made a part hereof.

10. The Updated Shipping Schedule (Exhibit 3) called for the last delivery to be shipped from the factory on April 26, 2010.

11. The majority of the specified York brand HVAC equipment and supplies were not shipped in a timely fashion and, in fact, some of the equipment and supplies were not even ordered by the Defendant, Johnson, until September, 2010, well beyond the completion date for the Plaintiff's construction and installation (May 16, 2010). Copies of the Shipping Consignment Memos are collectively attached hereto as

Plaintiff's Exhibit "4" and are made a part hereof.

12. The Plaintiff, Air Cool, Inc., has performed all conditions precedent under the agreement between the parties, even going beyond and executing a Joint Check Agreement with the Defendant, Johnson Controls, Inc. and the General Contractor in August, 2010 to insure the direct payment of the Defendant, Johnson, for the specified York HVAC equipment and supplies. A copy of the Joint Check Agreement is attached hereto as Plaintiff's Exhibit "5" and is made a part hereof.

13. Nevertheless, despite full performance by the Plaintiff, Air Cool, the Defendant, Johnson, breached the agreement by failing to timely order the specified York brand HVAC equipment and supplies in accordance with the terms and conditions of the contract, by neglecting to timely order the specified York brand HVAC equipment and supplies in accordance with the terms and conditions of the contract, and by failing to otherwise comply with the terms and conditions of the agreement, despite demand by the Plaintiff, Air Cool.

14. As a result of the Defendant's failures to timely order and ship the specified York brand HVAC equipment and supplies, the Plaintiff, Air Cool, was unable to timely complete its construction and installation pursuant to the construction schedule under the HVAC Subcontract with the General Contractor, David E. Harvey Builders, Inc., resulting in back charges and cover damages being assessed against the Plaintiff, Air Cool, Inc., by the General Contractor, David E. Harvey Builders, Inc. d/b/a Harvey Cleary Builders, in the principal amount of Two Hundred Forty-Eight Thousand Six Hundred Eighty-Eight Dollars and Ninety Cents ($248,688.90), a copy of the Back Charges and

Cover Damages assessed by the General Contractor to the Plaintiff, Air Cool, Inc., is attached hereto as Plaintiff's Exhibit "5" and is made a part hereof.

15. As a direct and proximate result of the Defendant's, Johnson Controls, Inc.'s, breaches of contract, the Plaintiff, Air Cool, Inc., has sustained damages.

16. There remains justly due and owing the Plaintiff, Air Cool, Inc., by the Defendant, Johnson Controls, Inc., the principal sum of Two Hundred Forty-Eight Thousand Six Hundred Eighty-Eight Dollars and Ninety Cents ($248,688.90) plus interest at the legal rate of six percent (6%) per annum from May 16, 2009 until judgment, post-judgment interest at the legal rate of ten percent (10%) per annum until paid, together with reasonable attorneys' fees of twenty-five percent (25%), plus court costs.

**WHEREFORE**, the Plaintiff, Air Cool, Inc., claims damages against the Defendant, Johnson Controls, Inc., in the principal sum of Two Hundred Forty-Eight Thousand Six Hundred Eighty-Eight Dollars and Ninety Cents ($248,688.90) plus interest at the legal rate of six percent (6%) per annum from May 16, 2009 until judgment, post-judgment interest at the legal rate of ten percent (10%) per annum until paid, together with reasonable attorneys' fees of twenty-five percent (25%) and all costs incidental to the prosecution of this action, and such other and further relief as this Honorable Court deems appropriate and proper.

COUNT TWO
(Due on Account)

Adopting the allegations of fact herein above set forth in paragraphs 1 through 16 and incorporating them herein and further,

17. The Plaintiff, Air Cool, and the Defendant, Johnson, entered into a contract (Exhibit 2) for the provision of specified York brand HVAC equipment and supplies to be installed at the Brookville Service Park, Part II, construction project in Montgomery County, Maryland.

18. By the Updated Shipping Schedule (Exhibit 3) provided to the Plaintiff, Air Cool, by the Defendant, Johnson, the final specified York brand HVAC equipment and supplies were supposed to be shipped from the factory on April 26, 2010.

19. The Defendant, Johnson, did not even order some of the contract specified York brand HVAC equipment and supplies until September, 2010, (Exhibit 4) well beyond the construction schedule completion date (May 16, 2010) for the construction and installation of the HVAC system by the Plaintiff, Air Cool, on the project.

20. As a result of the Defendant's failures to timely order and ship the specified York brand HVAC equipment and supplies, the Plaintiff, Air Cool, was unable to timely complete its construction and installation pursuant to the construction schedule under the HVAC Subcontract (Exhibit 1) with the General Contractor, David E. Harvey Builders, Inc., resulting in back charges and cover damages being assessed against the Plaintiff, Air Cool, Inc., by the General Contractor, David E. Harvey Builders, Inc. d/b/a Harvey Cleary Builders, in the principal amount of Two Hundred Forty-Eight Thousand

Six Hundred Eighty-Eight Dollars and Ninety Cents ($248,688.90)(Exhibit 5).

21. The Plaintiff, Air Cool, Inc., claims damages for monies due and payable to the Plaintiff, Air Cool, Inc., by the Defendant, Johnson Controls, Inc., for the back charges and cover damages assessed against the Plaintiff, Air Cool, Inc., by the General Contractor, David E. Harvey Builders, Inc. d/b/a Harvey Cleary Builders, in the principal amount of Two Hundred Forty-Eight Thousand Six Hundred Eighty-Eight Dollars and Ninety Cents ($248,688.90)(Exhibit 5).

22. There remains justly due and owing on the account to the Plaintiff, Air Cool, Inc., by the Defendant, Johnson Controls, Inc., the principal sum of Two Hundred Forty-Eight Thousand Six Hundred Eighty-Eight Dollars and Ninety Cents ($248,688.90) plus interest at the legal rate of six percent (6%) per annum from May 16, 2010 until judgment, post-judgment interest at the legal rate of ten percent (10%) per annum until paid, together with reasonable attorneys' fees of twenty-five percent (25%) plus court costs.

**WHEREFORE**, the Plaintiff, Air Cool, Inc., claims damages against the Defendant, Johnson Controls, Inc., in the principal sum of Two Hundred Forty-Eight Thousand Six Hundred Eighty-Eight Dollars and Ninety Cents ($248,688.90) plus interest at the legal rate of six percent (6%) per annum from May 16, 2009 until judgment, post-judgment interest at the legal rate of ten percent (10%) per annum until paid, together with reasonable attorneys' fees of twenty-five percent (25%) and all costs incidental to the prosecution of this action, and such other and further relief as this Honorable Court deems appropriate and

proper.

### COUNT THREE
(Fraudulent Misrepresentation)

Adopting the allegations of fact herein above set forth in paragraphs 1 through 22 and incorporating them herein and further,

23. The Defendant, Johnson, was fully cognizant that the specified York HVAC equipment and supplies were to be installed in the new construction of the Project pursuant to a Construction Schedule, which had been provided to the Defendant, Johnson, by the Plaintiff, Air Cool, which required all HVAC construction and installation to be completed on or before May 16, 2010.

24. While the Defendant, Johnson, represented to the Plaintiff, Air Cool, by provision of an Updated Shipping Schedule (Exhibit 3) on January 19, 2010, that the final specified York brand HVAC equipment and supplies were to be shipped from the factory on April 26, 2010, in sufficient time for the final construction and installation of the HVAC system in the Project by the Plaintiff, Air Cool, in advance of the construction schedule date of May 16, 2010, the Defendant, Johnson, did not even order a portion of the specified York brand HVAC equipment and supplies until September, 2010.

25. Mr. Perry Martinelli, Project Manager for the Defendant, Johnson, was the agent, servant, employee, or representative of the Defendant, Johnson Controls, Inc., subject to its control and direction, who provided an updated shipping schedule for the specified York brand HVAC equipment and supplies to the Plaintiff, Air Cool, Inc.

26. The Defendant, Johnson, knew or should have known that the

Plaintiff, Air Cool, would rely upon its representations as to the Shipping Schedule of the specified York brand HVAC equipment and supplies, and it misrepresented the facts to the Plaintiff, Air Cool, anyway.

27. The Defendant, Johnson, is in the business of HVAC equipment supply to the construction industry and is one of the main approved distributors for specified York brand HVAC equipment and supplies in the area.

28. The Defendant, Johnson, is, was, or should have been aware that any delays in the construction schedule would result in severe penalties against the Plaintiff, Air Cool, through no fault of its own.

29. Meanwhile, unknown to the Plaintiff, Air Cool, the Defendant, Johnson, despite representations to the contrary, which it reasonably knew would be relied upon by the Plaintff, Air Cool, failed to even order a portion of the specified York brand HVAC equipment and supplies until September, 2010, well after the HVAC construction deadline for the Project and engaged in a course of conduct to the financial detriment of the Plaintiff, Air Cool, resulting in back charges and cover damages being assessed against the Plaintiff, Air Cool, by the General Contractor, David E. Harvey Builders, Inc. d/b/a Harvey Cleary Builders, for construction delays on the Project in the principal amount of Two Hundred Forty-Eight Thousand Six Hundred Eighty-Eight Dollars and Ninety Cents ($248,688.90)(Exhibit 5).

30. The Defendant's, Johnson's, misrepresentations regarding the Updated Shipping Schedule for the specified York brand HVAC equipment and supplies to be installed and incorporated into the Project, were

intentional, without justification, and intended to deceive the Plaintiff, Air Cool, and cause it economic harm and damages.

31. By virtue of the Defendant's, Johnson's, position in the construction trades as a supplier of the specified York brand HVAC equipment and supplies, the Defendant, Johnson, owed a fiduciary duty to the Plaintiff, Air Cool, who reposed trust and confidence in the Defendant, Johnson, to deliver the specified York brand HVAC equipment and supplies as promised and represented.

32. The Defendant, Johnson, breached its fiduciary duty intentionally, with malice, and/or with reckless disregard for the Plaintiff, Air Cool, by failing to timely deliver the specified York brand HVAC equipment and supplies as promised despite complete knowledge of the construction schedule, by intentionally misrepresenting the final delivery date of the specified York brand HVAC equipment and supplies to be installed and incorporated into the Project, by deceiving the Plaintiff, Air Cool, with regards to the Defendants representations that it could timely deliver the specified York brand HVAC equipment and supplies, and by otherwise being indifferent to the situation that its actions thrust upon the Plaintiff, Air Cool, with regards to the construction delays occasioned by the Defendant's, Johnson's, failures.

33. As a direct and proximate result of the Defendant's, Johnson's, misrepresentations and breaches of fiduciary duty, the Plaintiff, Air Cool, suffered economic damages.

**WHEREFORE**, the Plaintiff, Air Cool, Inc., claims damages against the Defendant, Johnson Controls, Inc., in the principal sum of Two

Hundred Forty-Eight Thousand Six Hundred Eighty-Eight Dollars and Ninety Cents ($248,688.90) plus interest at the legal rate of six percent (6%) per annum from May 16, 2009 until judgment, post-judgment interest at the legal rate of ten percent (10%) per annum until paid, together with reasonable attorneys' fees of twenty-five percent (25%) and all costs incidental to the prosecution of this action, and such other and further relief as this Honorable Court deems appropriate and proper.

### COUNT FOUR
(Fraud in the Factum)

Adopting the allegations of fact herein above set forth in paragraphs 1 through 33 and incorporating them herein and further,

34.  From its initial discussions and throughout January 19, 2010, when the Defendant, Johnson, delivered the Updated Shipping Schedule (Exhibit 3) to the Plaintiff, Air Cool, the Defendant, Johnson, asserted false representations as to material facts to the Plaintiff, Air Cool, regarding the timely ordering, shipping, ability to deliver, delivery status, and final delivery of the specified York brand HVAC equipment and supplies to be installed and incorporated into the Project by the HVAC Construction Schedule deadline of May 16, 2010.

35.  Mr. Perry Martinelli, Project Manager for the Defendant, Johnson, was the agent, servant, employee, or representative of the Defendant, Johnson Controls, Inc., subject to its control and direction, who provided an updated shipping schedule for the specified York brand HVAC equipment and supplies to the Plaintiff, Air Cool, Inc.

36.  The Defendant, Johnson, knew the representations to be false,

or the representations were made with such reckless disregard for the truth that knowledge of the falsity of the statements can be imputed to the Defendant, Johnson.

37.  The Defendant, Johnson, through its agents, servants, employees, or representatives, made the false statements for the purpose of defrauding the Plaintiff, Air Cool.

38.  The Plaintiff, Air Cool, relied with justification upon the misrepresentations of the Defendant, Johnson.

39.  The Plaintiff, Air Cool, suffered economic damages as a direct result of the reliance upon the Defendant's, Johnson's, misrepresentations, resulting in back charges and cover damages being assessed against the Plaintiff, Air Cool, by the General Contractor, David E. Harvey Builders, Inc. d/b/a Harvey Cleary Builders, for construction delays on the Project in the principal amount of Two Hundred Forty-Eight Thousand Six Hundred Eighty-Eight Dollars and Ninety Cents ($248,688.90)(Exhibit 5).

**WHEREFORE**, the Plaintiff, Air Cool, Inc., claims damages against the Defendant, Johnson Controls, Inc., in the principal sum of Two Hundred Forty-Eight Thousand Six Hundred Eighty-Eight Dollars and Ninety Cents ($248,688.90), punitive damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), plus interest at the legal rate of six percent (6%) per annum from May 16, 2009 until judgment, post-judgment interest at the legal rate of ten percent (10%) per annum until paid, together with reasonable attorneys' fees of twenty-five percent (25%) and all costs incidental to the prosecution of this action, and such other and further relief as this Honorable

Court deems appropriate and proper.

### COUNT FIVE
(Fraud in the Inducement)

Adopting the allegations of fact herein above set forth in paragraphs 1 through 39 and incorporating them herein and further,

40. From the parties initial meeting through January 19, 2010, when the Defendant, Johnson, delivered to the Plaintiff, Air Cool, the Updated Shipping Schedule (Exhibit 3), the Defendant, Johnson, asserted false representations as to material facts to the Plaintiff, Air Cool, regarding the timely ordering, shipping, ability to deliver, delivery status, and final delivery of the specified York brand HVAC equipment and supplies to be installed and incorporated into the Project by the HVAC Construction Schedule deadline of May 16, 2010.

41. Mr. Perry Martinelli, Project Manager for the Defendant, Johnson, was the agent, servant, employee, or representative of the Defendant, Johnson Controls, Inc., subject to its control and direction, who provided an updated shipping schedule for the specified York brand HVAC equipment and supplies to the Plaintiff, Air Cool, Inc.

42. The Defendant, Johnson, knew the representations to be false, or the representations were made with such reckless disregard for the truth that knowledge of the falsity of the statements can be imputed to the Defendant, Johnson.

43. The Defendant, Johnson, through its agents, servants, employees, or representatives, made the false statements for the purpose of defrauding the Plaintiff, Air Cool, Inc., into allowing the Defendant, Johnson, to continue to supply the specified York brand HVAC

equipment and supplies to be installed and incorporated into the Project.

44. The Plaintiff, Air Cool, relied with justification upon the fraudulent statements and intentional misrepresentations of the Defendant, Johnson Controls, Inc. or its agents, servants, employees, or representatives.

45. The Plaintiff, Air Cool, suffered economic damages as a direct result of the reliance upon the Defendant's, Johnson's, fraudulent statements and misrepresentations.

**WHEREFORE**, the Plaintiff, Air Cool, Inc., claims damages against the Defendant, Johnson Controls, Inc., in the principal sum of Two Hundred Forty-Eight Thousand Six Hundred Eighty-Eight Dollars and Ninety Cents ($248,688.90), punitive damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), plus interest at the legal rate of six percent (6%) per annum from May 16, 2009 until judgment, post-judgment interest at the legal rate of ten percent (10%) per annum until paid, together with reasonable attorneys' fees of twenty-five percent (25%) and all costs incidental to the prosecution of this action, and such other and further relief as this Honorable Court deems appropriate and proper.

**COUNT SIX**
(Intentional Misrepresentation)

Adopting the allegations of fact herein above set forth in paragraphs 1 through 45 and incorporating them herein and further,

46. The Defendant, Johnson, was fully cognizant that the specified York HVAC equipment and supplies were to be installed in the new

construction of the Project pursuant to a Construction Schedule, which had been provided to the Defendant, Johnson, by the Plaintiff, Air Cool, which required all HVAC construction and installation to be completed on or before May 16, 2010.

47. While the Defendant, Johnson, intentionally misrepresented to the Plaintiff, Air Cool, by provision of an Updated Shipping Schedule (Exhibit 3) on January 19, 2010, that the final specified York brand HVAC equipment and supplies were to be shipped from the factory on April 26, 2010, in sufficient time for the final construction and installation of the HVAC system in the Project by the Plaintiff, Air Cool, in advance of the construction schedule date of May 16, 2010, the Defendant, Johnson, did not even order a portion of the specified York brand HVAC equipment and supplies until September, 2010.

48. Mr. Perry Martinelli, Project Manager for the Defendant, Johnson, was the agent, servant, employee, or representative of the Defendant, Johnson Controls, Inc., subject to its control and direction, who provided an updated shipping schedule for the specified York brand HVAC equipment and supplies to the Plaintiff, Air Cool, Inc.

49. The Defendant, Johnson, knew or should have known that the Plaintiff, Air Cool, would rely upon its representations as to the Shipping Schedule of the specified York brand HVAC equipment and supplies, and it intentionally misrepresented the facts to the Plaintiff, Air Cool, anyway.

50. The Defendant, Johnson, knew the representations to be false, or the representations were made with such reckless disregard for the truth that knowledge of the falsity of the statements can be imputed to

the Defendant, Johnson.

51. The Defendant, Johnson, through its agents, servants, employees, or representatives, made the false statements for the purpose of defrauding the Plaintiff, Air Cool, Inc., into allowing the Defendant, Johnson, to continue to supply the specified York brand HVAC equipment and supplies to be installed and incorporated into the Project.

52. The Plaintiff, Air Cool, relied with justification upon the fraudulent statements and intentional misrepresentations of the Defendant, Johnson Controls, Inc. or its agents, servants, employees, or representatives.

53. The Plaintiff, Air Cool, suffered economic damages as a direct result of the reliance upon the Defendant's, Johnson's, fraudulent statements and misrepresentations.

**WHEREFORE**, the Plaintiff, Air Cool, Inc., claims damages against the Defendant, Johnson Controls, Inc., in the principal sum of Two Hundred Forty-Eight Thousand Six Hundred Eighty-Eight Dollars and Ninety Cents ($248,688.90), punitive damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), plus interest at the legal rate of six percent (6%) per annum from May 16, 2009 until judgment, post-judgment interest at the legal rate of ten percent (10%) per annum until paid, together with reasonable attorneys' fees of twenty-five percent (25%) and all costs incidental to the prosecution of this action, and such other and further relief as this Honorable Court deems appropriate and proper.

Respectfully submitted,
EVANGELOS D. SIDOU, L.L.C.

_____
EVANGELOS D. SIDOU
222 Bosley Avenue, Suite C-7
Towson, Maryland   21204-4399
(410) 296-4000
Attorney for Plaintiff,
    Air Cool, Inc.